---
Gale *v.* Archer.
---

[DUTCHESS GENERAL TERM, May 9, 1864. *Brown, Scrugham, Lott* and *J. F. Barnard,* Justices.]

---

## GALE & GALE *vs.* ARCHER.

If a thing sold is of greater or less value, according to the effluxion of time, it is manifest that time is of the essence of the contract, and a stipulation as to time must be literally complied with, in equity as well as in law.

Where a contract for the sale and purchase of land contemplates that the vendor shall vacate his residence upon the premises, on the day named for the payment of the purchase money, and seek a home elsewhere for himself and family, time must be regarded as of primary consequence to him, and as of the essence of the contract.

So also, where the agreement provides for the sale and transfer of a farm with growing crops thereon, in the midst of the growing season, with horses, cattle, &c. requiring personal attention.

The execution of such a contract cannot remain suspended in doubt or uncertainty, for any period of time, without the most serious anxiety and detriment to the contracting party, who intends in good faith, and is prepared to fulfil. And if the other party fails to perform on the day appointed, a specific performance cannot be enforced without injury and injustice to him who has been guilty of no laches or wrong. *Per* BROWN, J.

Bills for the specific performance of contracts, are applications to the equitable jurisdiction of the court. The relief sought is not a matter of right. The court will exercise a sound and reasonable discretion, and will never grant the relief thus sought unless it is entirely equitable and right, and will work no injustice to the adverse party.

APPEAL from a judgment ordered at a special term, dismissing the complaint in an action for the specific performance of a contract.

*D. P. Barnard,* for the plaintiffs.

*Robert S. Hall,* for the defendant.

Gale *v.* Archer.

*By the Court,* BROWN, J.  In seeking to determine whether time is of the essence of the contract between the parties in this action, we must see what was the subject of it, and what it was that they intended to accomplish, as well as its date, and the time fixed for its performance.  It bears date on the 6th of June, 1862, and provided for the sale and conveyance of a farm in New Castle, Westchester county, upon which the defendant Archer resided, together with the grain crops, horses, cattle, farming stock and tools, then being thereon, and enumerated in a schedule, from Archer to the plaintiff William H. Gale, subject to the payment of two mortgages upon the farm, which the vendee was to assume and pay; for which the former was to receive, as the consideration, the sum of $2500, and a conveyance in fee of certain premises known as No. 7 Tompkins place, in the city of Brooklyn; subject also to a mortgage of $3000, which Archer was to assume and pay.  The deeds of conveyance were to contain covenants of warranty, and a covenant that the same were free from incumbrance, except the mortgages before mentioned, and were to be delivered with the bill of sale of the personal property, executed at the office of E. B. Holmes, Esq., No. 111 Broadway, New York, on the first day of July thereafter, at noon of that day.  The contract intended the sale and transfer of personal property, such as horses and cattle, which needed daily personal attention on the part of the owner; and it also intended that Archer should vacate his place of residence, remove his family therefrom, and seek a residence and habitation for himself and them elsewhere.  It contemplated also the transfer and sale of a farm with growing crops, in the midst of the growing season, which doubtless required the personal supervision of the owner.  If the sale was to be effected, it was of vital consequence to Archer, at least, that it should be consummated at the time appointed; and if not, that he should be made aware of the failure at the earliest possible moment of time.  In the latter event, his family, the stock and the crops

Gale *v.* Archer.

upon his farm, to say nothing of his arrangements for the future, demanded his immediate services and attention. In the ordinary case of the purchase of an estate and the fixing of a particular day for the completion of the title, the court seems to have considered that the general object being only the sale of the estate for a given sum, the particular day named is merely formal; and the stipulation means in truth that the purchase shall be completed in à reasonable time, regard being had to the circumstances of the case and the nature of the title to be made. But this is but a corollary from the general proposition, which is, that the real contract and all the stipulations merely intended to be complied with literally, shall be carried into effect. We must take care, however, that we do not mistake the corollary for the original proposition. If, therefore, the thing sold be of greater or less value, according to the effluxion of time, it is manifest that it is of the essence of the contract, and a stipulation as to time must be literally complied with, in equity as well as in law. The cases of the sale of stock, or of a reversion, are instances of this. So also, if it appear that the object of one party, known to the other, was that the property should be conveyed on or before a given period, as the case of a house for residence. (*Hepwell* v. *Knight*, 1 *Young & Collyer*, 415.) This case asserts the principle, which commends itself to the judgment of the courts, of late, and may now be regarded as the settled rule. And as the contract under consideration contemplated that Archer should vacate his residence on the given day and seek one elsewhere, I think it quite clear that time must be regarded as of primary consequence to him, and as of the essence of the contract. Indeed, I cannot conceive how it can be otherwise, where the sale is intended to be followed by a change of the residence of the vendor or purchaser at the given day. Such a contract, or rather the execution of it, cannot remain suspended in doubt or uncertainty for any period of time, without the most serious anxiety and detriment to the contracting party, who intends in good faith

Gale *v.* Archer.

and is prepared to fulfill. And if the other party fails, a specific performance cannot be enforced without injury and injustice to him who has been guilty of no laches, or wrong. Bills for the specific performance of contracts are applications to the equitable jurisdiction of the court. The relief sought is not, as in many other cases, a matter of right. The court will exercise a sound and reasonable discretion, and will never grant the relief thus sought unless it is entirely equitable and right, and will work no injustice to the adverse party. In the present case the defendant attended at the time and place appointed for the delivery of the deed of conveyance and the payment of the money. He was fully prepared, and offered to complete the contract on his part. But the plaintiffs were not ready. They neither had the deed present for the property in Brooklyn, nor the money which they were to pay to the defendant. They were informed that the latter insisted upon a performance at that time. They declined to perform in whole or in part, and made no effort or proposition to reconcile the defendant to the delay they sought. They assigned a reason quite unsatisfactory, for their failure to fulfill, namely, that a small portion of the land excepted from the description in the defendant's deed, and which he never owned and had not in his possession, was not described by metes and bounds and definite limits. And the first day of July, the time appointed by the contract for its execution, was permitted to pass by without a readiness or offer by the plaintiffs to perform. On the 5th of the same month, they tendered the deed and the money, and demanded the defendant's compliance with the stipulations of the contract, which he refused. The judge, at the special term, dismissed the complaint, which I think was right.

The judgment should be affirmed, with costs.

[DUTCHESS GENERAL TERM, May 9, 1864. *Brown, Scrugham, Lott* and *J. F. Barnard*, Justices.]